[Crim. No. 276.   Second Appellate District.—July 10, 1913.]

## THE PEOPLE, Respondent, v. MARVIN ZACHARY, Appellant.

CRIMINAL LAW—HOMICIDE IN STRUGGLE FOR REVOLVER—SELF-DEFENSE.— Where two men engage in a struggle for a revolver, one of them having found the other in a compromising position with his wife, and during the struggle the husband shoots his adversary, the appellate court cannot say, as a matter of law, that the conclusion of the jury, that the homicide was committed without reasonable apprehension of bodily harm, is unsupported.

ID.—DECLARATIONS OF DEFENDANT MADE AFTER ARREST.—The action of the trial court in permitting a witness to testify to statements, made by the defendant after his arrest, is not prejudicial to him, where he himself repeats practically the same statements while on the stand.

ID.—EVIDENCE—USE OF INCORRECT DIAGRAM.—The use by the district attorney of a photograph of the scene of the crime, and of a diagram incorrect in some of its details, is not prejudicial error, where the photograph and diagram do not materially affect the question of self-defense, which is the only theory advanced by the defendant.

ID.—EVIDENCE—STATEMENTS MADE BEFORE TRIAL.—Error in admitting evidence of statements, made prior to the trial by the defendant's wife, is not prejudicial, if they are substantially repeated by her in evidence.

ID.—ERRONEOUS RULINGS ON EVIDENCE—WHEN NOT GROUND FOR RE-
VERSAL.—Rulings of the trial court in the reception and rejection of
testimony, which technically may be erroneous, do not warrant a
reversal if they are of such a character that they could not have
influenced the jury against the appellant.

ID.—INSTRUCTIONS—WHETHER INVADE PROVINCE OF JURY.—An instruc-
tion to the jury: "I am instructing you as to the law solely to the
end that such instructions may in some measure at least assist you
in reaching a conclusion as to the facts of the case," while improper,
is not reversible error, where a reading of the instructions as given
shows that the court nowhere therein sought to determine or sug-
gest its opinion as to any fact, but, on the contrary, told the jury
that they must be the sole and exclusive judges of the facts.

APPEAL from a judgment of the Superior Court of Inyo
County and from an order refusing a new trial. George H.
Cabaniss, Judge presiding.

The facts are stated in the opinion of the court.

P. W. Forbes, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy
Attorney General, for Respondent.

ALLEN, P. J.—Under an information charging defendant
with murder, he was found guilty of manslaughter. From
the judgment pronounced upon the verdict, and from on order
denying a new trial, defendant appeals.

The undisputed facts as they appear from the transcript
are these: Defendant with his family lived on a ranch in Inyo
County. The deceased made a social call at defendant's house
in the evening while the family were at dinner. During the
conversation among the family it was suggested that probably
there could be found ripe melons in a field near the house.
Deceased thereupon suggested to the wife of defendant that
she accompany him and they would go out and get the melons,
or see if they were ripe. They accordingly left the house and
went out to the melon field. Some little time thereafter the
husband followed them and, when going through a corral near
the place where the melons grew, discovered his wife and
deceased in a compromising position, both parties lying upon
the ground. Defendant took hold of his wife and shook her

violently, during which encounter a revolver fell from his pocket upon the ground. Defendant let go of his wife and reached for the revolver. The deceased at about the same time grabbed hold of the revolver and a struggle for possession of the weapon ensued, during which, by reason of a defect in the mechanism of the revolver, a cartridge was exploded, but it resulted in no injury. The parties continued their struggle for possession, and defendant having hold of the stock of the revolver and the deceased the barrel thereof, defendant pulled back the hammer by which a second shot was fired, resulting in the death of deceased. This last shot defendant fired purposely under the claim that he feared great bodily injury if deceased obtained possession of the revolver, he being a larger and much stronger man, and defendant at the time being physically weak as the result of an accident. The disputed facts are with reference to the manner or circumstances under which defendant secured the revolver in the first place and explanatory of his going to the corral with that loaded weapon in his pocket, it being defendant's contention that the revolver was under the seat of a buggy and, passing by on his way to the corral, he put it in his pocket expecting to return it to the place in the house where it was ordinarily kept; while, upon the other hand, there is evidence tending to show that he went to a drawer in the house and took out the pistol and put it in his pocket before going out in quest of his wife and the deceased. The killing of the deceased by defendant was admitted, the only theory of the defense being that it was justifiable homicide. The principal question, therefore, for the jury to determine was whether or not the defendant, under the circumstances of the case, had reasonable grounds to fear death or great bodily harm from deceased by reason of his attack upon him, for the undisputed evidence as to the conduct of deceased with reference to grabbing hold of the revolver in the hands of defendant was sufficient to amount to an attack upon defendant. The jury by their verdict determined that reasonable grounds for such apprehension did not exist. There is nothing in the record indicating previous ill-feeling, or threats, or reasonable grounds to apprehend injury from the deceased, other than his effort to obtain possession of the weapon. On the contrary, their relations theretofore had been friendly, and the jury having before them all

of the evidence, we cannot say as a matter of law that their conclusion that the homicide was committed without reasonable apprehension of bodily harm, is unsupported.

Appellant excepts to the action of the court in permitting a witness to testify to certain statements made by defendant after his arrest, which the witness stated to have been freely and voluntarily made. The witness had before detailed the whole of the conversation and circumstances surrounding it, and, in addition, the defendant upon the witness stand practically repeated the same; and were it even conceded that the opinion of the witness as to the character of the admissions was improper, nevertheless, no prejudice could result under the circumstances of the case. Neither do we see any prejudicial error in relation to the court permitting the district attorney to use a diagram, admittedly incorrect in some of its details, to illustrate certain matters with reference to which interrogatories were being directed to the defendant. The inaccuracies existing were merely in relation to the shape and size of rooms, and the whole of the matter connected therewith was of no material consequence as affecting the question of self-defense, which was the only theory advanced by defendant. The same may be said with reference to a photograph purporting to be a view of the scene of the tragedy. The questions in connection therewith were not directed to the impeachment of the defendant, nor for any purpose other than to clearly designate the location of the various points with reference to which defendant had testified.

There are further objections to the introduction in evidence of certain statements of the wife made prior to the trial, but these statements are substantially those repeated by her in evidence and wherein they differed were wholly with relation to inconsequential matters. No good or bad purpose was served by such evidence, and why the time of the court and jury was taken up with it, is not plain, but in no event can it be said that the action of the court resulted in any prejudicial error. Other objections and exceptions are urged with relation to the admission and rejection of testimony, but we regard the same as of the character heretofore referred to, and while technically some of them might be held to have been erroneous, nevertheless, they were of a character which could not under any circumstances of the case have influenced the

minds of the jurors against the defendant, and the action of the trial court in its rulings thereon, to our minds, is insufficient to warrant a reversal of the judgment.

Appellant excepts to a charge of the court wherein it instructed the jury that, ''I am instructing you as to the law solely to the end that such instructions may in some measure at least assist you in reaching a conclusion as to the facts of the case.'' This, of course, is not the office of an instruction, but a reading of the instructions as given shows that the court nowhere therein sought to determine or suggest its opinion as to any fact, but, on the contrary, told the jury that they must be the sole and exclusive judges of the facts.

The record discloses a case where the jury might very properly have sustained the plea of self-defense, but there is evidence tending to support their conclusion and verdict, and we cannot as a matter of law say that a verdict of acquittal should have been rendered. The relief, if any, to which defendant may be entitled must come from a co-ordinate branch of the state government which under the constitution can exercise clemency in particular cases, with which matters an appellate court has nothing to do.

The judgment and order appealed from are affirmed.

James, J., and Shaw, J., concurred.